IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL ACTION

CONSTANCE DANIELS,                                    CASE NO.:

        Plaintiff,
vs.

SELECT PORTFOLIO SERVICING, INC.,

        Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, **CONSTANCE DANIELS**, by and through the undersigned counsel, and files this, her Complaint against Defendant, **SELECT PORTFOLIO SERVICING, INC.**, and as grounds therefore would show:

### GENERAL ALLEGATIONS

1. Plaintiff, CONSTANCE DANIELS ("DANIELS"), is an individual living in Hillsborough County, Florida.

2. Defendant, SELECT PORTFOLIO SERVICING, INC. ("SPS") is a corporation and loan servicing company doing business in Florida.

3. The Court has jurisdiction over this matter and venue is proper because the events leading to the filing of this action occurred in Hillsborough County, Florida.

4. This is an action for damages greater than $15,000.00.

5. All conditions precedent to the institution of this action have been performed, occurred, or have been waived.

6. Plaintiff has been forced to retain the legal services of the undersigned attorneys to bring this action and must pay the undersigned a reasonable attorneys' fee for representation.

## FACTUAL ALLEGATIONS

7. DANIELS owns real property in Hillsborough County, Florida against which the lender attempted to foreclose, despite the fact that the parties had entered into a loan modification contract in 2009. *See Wells Fargo Bank, N.A. v. Constance Daniels, et al.,* Hillsborough County, Florida case number 2010-CA-13411 (the "Foreclosure Case").

8. The Loan Modification Contract had been entered on March 19, 2009, but the lender refused payments, orchestrating the alleged default, and filed a foreclosure action anyway in 2010. A copy of the Loan Modification Contract is attached hereto as **Exhibit "A"**.

9. On December 27, 2015, the Court in the Foreclosure Case entered an Order Granting Defendant's Motion to Enforce Loan Modification Contract. Then, on April 23, 2016, the Court entered an Order on Defendant's Motion for Clarification and for Sanctions, Defendant's Motion for Attorney's Fees, and Plaintiff's Motion to Deposit Funds in the Court Registry. Copies of the two orders are collectively attached hereto as **Exhibit "B"**.

10. SPS is the loan servicer for the Plaintiff in DANIELS' Foreclosure Case.

11. The Loan Modification Contract does not provide for a deferred balance, however, after DANIELS prevailed in the Foreclosure Case, Defendant SPS unilaterally increased the principal balance by more than $80,000.

12. On or about October 2, 2017, Plaintiff sent correspondence to SPS requesting a line-by-line breakdown of the deferred balance it claimed was owed.

13. SPS did not respond to DANIELS' request, so on or about December 22, 2017, Plaintiff sent additional correspondence demanding a line-by-line breakdown. Copies of the two letters are collectively attached hereto as **Exhibit "C"**.

14. To date, Defendant SPS has not substantiated a deferred balance of over $80,000, and it is apparent that SPS cannot do so.

15. As the Court already held that the Loan Modification Contract is enforceable, and the loan modification does not provide for a deferred balance, DANIELS is entitled to damages against servicer, SPS, who continues to demand a deferred loan balance is owed.

## COUNT I
## BREACH OF CONTRACT

16. All General Allegations and Factual Allegations are incorporated as though fully re-alleged herein.

17. This is an action for damages for breach of contract.

18. The "Contract" referred to in this count is the note and mortgage as amended by the Loan Modification Contract and modified by Court orders.

19. The Contract is between Plaintiff DANIELS and Wells Fargo.

20. On or about March 9, 2009, DANIELS and Wells Fargo entered into a Loan Modification Contract, a copy of which is attached hereto as **Exhibit "A"**.

21. The Loan Modification Contract does not provide for a deferred balance owed, but loan servicer, SPS, continues to demand a deferred balance of more than $80,000 on its monthly mortgage statements.

22. By such demand, Defendant, SPS is acting on its own behalf instead of on behalf of Wells Fargo.

23. SPS breached the Loan Modification Contract by demanding a deferred balance where the Loan Modification Contract does not provide for one and where Defendant, SPS, refused and continues to refuse to account for the same.

24. DANIELS has suffered damages as a direct result of SPS's breach of the Loan Modification Contract by being expected to pay an additional $80,000.00 in principal balance.

**WHEREFORE,** Plaintiff, CONSTANCE DANIELS, demands Judgment be entered in her favor against Defendant, SELECT PORTFOLIO SERVICING, INC., for damages as well as reasonable attorney's fees and costs, and any other and further relief the Court deems just and proper under the circumstances.

## COUNT II
## CIVIL RICO

25. All General Allegations and Factual Allegations are incorporated as though fully re-alleged herein.

26. This is an action for damages for racketeering under Chapter 895 of the Florida Statutes.

27. Defendant SPS committed or attempted to commit a crime chargeable under Florida Statute 817 relating to relating to fraudulent practices, false pretenses and the collection of debts which are not owed.

28. SPS engaged in such conduct on several occasions by making false claims for a deferred balance of more than $80,000 in an effort to extort money from DANIELS – money she does not owe, thereby establishing a pattern of conduct.

29. Each monthly statement constitutes an attempt to collect more than what is actually owed.

30. Defendant SPS engaged in a pattern of predicate acts constituting racketeering activity when it repeatedly engaged in the conduct described above.

31. SPS seeks to derive income from DANIELS as a direct or indirect result of said pattern of racketeering activity.

32. SPS participated in said pattern of racketeering activity in order to use the income derived from DANIELS in the establishment or operation of its own enterprise, separate and apart from Wells Fargo.

33. As a direct result of SPS's actions, DANIELS has suffered damages.

34. DANIELS seeks an award of treble damages to which she may be entitled pursuant to Section 895.05 of the Florida Statutes.

**WHEREFORE**, Plaintiff, CONSTANCE DANIELS, demands Judgment be entered in her favor against Defendant, SELECT PORTFOLIO SERVICING, INC., for damages, together with prejudgment interest, late fees, attorney's fees, costs, and such other and further relief as this Court may deem appropriate.

## COUNT III
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

35. All General Allegations and Factual Allegations are incorporated as though fully re-alleged herein.

36. This is an action for damages as a result of SPS's violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").

37. At all times relevant, SPS operated a loan servicing company in the state of Florida, and was therefore engaged in trade or commerce as defined in Fla. Stat. § 501.203.

38. At all times relevant, DANIELS was a "consumer" as defined by Fla. Stat. § 501.203.

39. SPS engaged in unfair and deceptive practices by demanding a deferred loan balance on its monthly mortgage statements to DANIELS where it knew or should have known that the Loan Modification Contract does not provide for a deferred balance and that SPS is not entitled to those funds.

40. SPS has engaged in unfair trade practices in the conduct of its business in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") by utilizing Defendant's business resources to engage in unfair acts or practices that are unethical, unscrupulous and/or substantially injurious to the Defendants and other homeowners by fabricating or orchestrating false mortgage statements that demands that DANIELS owes a deferred balance of over $80,000.

41. As a direct result of SPS's actions, Plaintiff has suffered damages.

WHEREFORE Plaintiff, CONSTANCE DANIELS, demands Judgment be entered in her favor against Defendant, SELECT PORTFOLIO SERVICING, INC., for damages for said violation, an award of attorney's fees and costs, and such other and further relief as this Court may deem appropriate.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to add a cause of action for punitive damages.

## JURY TRIAL DEMAND

Plaintiff, **CONSTANCE DANIELS,** hereby demands a jury trial as to all issues so triable.

## ATTORNEY FEE DEMAND

The promissory note and the mortgage that are the subject of this suit provides for attorneys' fees to the Plaintiff in the event the Plaintiff employs counsel concerning all issues that arise in association with the promissory note and mortgage. Plaintiff hereby demands, and puts the Defendant on notice that Plaintiff intends to seek attorneys' fees concerning this action.

6/14/2018 4:03 PM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 6

Dated this **14th** day of June, 2018.

        Respectfully Submitted,
        **CASTLE LAW GROUP, P.A.**


    By: /s/ Amy E. Cuykendall
        Benjamin Hillard, Esq.    FBN: 0764361
        Amy E. Cuykendall, Esq.    FBN: 010347
        Alexander R. Allred, Esq.    FBN: 0100892
        13143 66th Street North, Largo, FL 33773
        Phone: (727) 536-8882 / Fax: (727) 536-7739
        Service Only: eservicecastle@gmail.com
        Attorneys for Plaintiff Constance Daniels