**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CONSTANCE DANIELS,**                              **CASE NO.: 8:18-cv-01652-JSM-CPT**

     **Plaintiff,**

**v.**

**SELECT PORTFOLIO**                              **DEMAND FOR JURY TRIAL**
**SERVICING, INC.,**

     **Defendant.**
_____/

**PLAINTIFF'S FIRST AMENDED**
**COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

     **COMES NOW**, Plaintiff, **CONSTANCE DANIELS** ("Ms. Daniels" or "Plaintiff"),

by and through the undersigned counsel, and hereby files this First Amended Complaint

pursuant to Federal Rules of Civil Procedure Rule 15(a)(1)(B) against Defendant, **SELECT**

**PORTFOLIO SERVICING, INC.** ("Defendant"), and in support thereof states as follows:

### _Introduction_

     1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined

by Fla. Stat. § 559.55 (6) and Defendant's willful violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 _et. seq._ ("FDCPA"), and the Florida Consumer Collection

Practices Act, Fla. Stat. § 559.72 _e.t seq._ ("FCCPA"), by improperly servicing Ms. Daniels'

mortgage loan in reckless disregard for Ms. Daniels' consumer rights, which can reasonably

be expected to harass Ms. Daniels.

### *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331 as there exists federal question jurisdiction under the FDCPA.

3.      Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5.      Plaintiff, Constance Daniels, was and is a natural person, and at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "Consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6.      At all times material hereto, Defendant was and is a corporation with its principal place of business in the state of Utah and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

7.      At all times material hereto, Defendant was and is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C.§ 1692a (6).

### *Statements of Fact*

8.      On January 31, 2005, Ms. Daniels executed and delivered a note and mortgage (collectively "Mortgage") in favor of Countrywide Home Loans Servicing LP ("Lender") secured by Ms. Daniels' home, which is located at 3927 Dunaire Drive, Valrico, FL 33594 ("Property").

9.      Ms. Daniels thereafter encountered financial difficulties and fell behind on her monthly installment payments to the Lender, defaulting on the Mortgage.

10.     On March 19, 2009, Ms. Daniels entered into a Mortgage modification agreement ("Loan Modification Contract") with the Lender. *See* **Exhibit A.**

11.     The Loan Modification Contract required that Ms. Daniels remit monthly installment payments of $813.25 to the Lender. *See* **Exhibit A.**

12.     For over a year, Ms. Daniels timely paid each monthly installment payment as required by the Loan Modification Contract without issue.

13.     Sometime thereafter, however, the Mortgage was sold, transferred, or assigned to Wells Fargo Bank, N.A. ("Wells Fargo").

14.     On or around June 24, 2010, Wells Fargo refused to accept Ms. Daniels' monthly installment payment towards the Mortgage.

15.     Under information and belief, Defendant was assigned the mortgage servicing rights after the Mortgage allegedly fell into default status after June 24, 2010.

16.     Wells Fargo thereafter continued to refuse to accept Ms. Daniels' monthly installment payments, which caused the alleged default on the Mortgage.

17.     As a result of Wells Fargo's refusal to accept Ms. Daniels' monthly installment payments towards the Mortgage, Wells Fargo brought a foreclosure action against Ms. Daniels; see Hillsborough County Case No. 2010-CA-13411 ("Foreclosure Case").

18.     At all times relevant hereto, Defendant was and is the Mortgage servicer in the Foreclosure Case.

19.     In the Foreclosure Case, Ms. Daniels moved to enforce the terms of the Loan Modification Contract to require that Wells Fargo and Defendant accept Ms. Daniels' monthly installment payments towards the Mortgage and for sanctions against Defendant.

20.     On December 27, 2015, the Foreclosure Case court denied foreclosure and found in Ms. Daniels' favor, entering an Order Granting Ms. Daniels' Motion to Enforce Loan Modification Contract ("Modification Enforcement Order"). *See* **Exhibit B**.

21.     Then, on April 23, 2016, the Foreclosure Case court entered an Order on Defendant's Motion for Clarification and for Sanctions, Defendant's Motion for Attorneys' Fees, and Plaintiff's Motion to Deposit Funds in the Court registry ("Order"). *See* **Exhibit C.**

22.     Relevant hereto, the Order provides that Ms. Daniels shall begin making payments pursuant to the Loan Modification Contract on April 27, 2016, which will be her May 1, 2016 payment towards the Mortgage. *See* **Exhibit C.**

23.     Further, the Order states that Ms. Daniels' new payments will be calculated pursuant to the interest rates set forth in the Loan Modification Contract. *See* **Exhibit C.**

24.     The Order also states that interest due from payments for the period of January 1, 2016 through April 1, 2016 will be added to the end of the Loan Modification Contract. *See* **Exhibit C.**

25.     Finally, the Order states that the principal and escrow payments for the period of August 1, 2010 through April 1, 2016 will also be added to the end of the Loan Modification Contract. *See* **Exhibit C.**

26.     Under information and belief, the additional interest, principal, and escrow payments pursuant to the Order added approximately $40,000.00 to the end of the Loan Modification Contract.

27.     After entry of the Order, however, Defendant increased the principal balance of the Mortgage by $82,000.00.

28.     Defendant's $82,000.00 increase of the Mortgage balance is improper because it is more than double the balance that should have been added to the end of the Loan Modification Contract pursuant to the Order.

29.     On or around October 2, 2017, Ms. Daniels, through her counsel, sent a letter to Defendant demanding a specific line-by-line accounting of the $82,000.00 ("Demand Letter 1"). *See* **Exhibit D.**

30.     Defendant did not respond to Ms. Daniels' Demand Letter 1.

31.     On or around December 22, 2017, Ms. Daniels, through her counsel, sent a second letter to Defendant demanding a specific line-by-line accounting of the $82,000.00 ("Demand Letter 2"). *See* **Exhibit E.**

32.     Defendant never responded to Ms. Daniels' Demand Letter 2, either.

33.     To date, Defendant has not provided any support for the deferred balance of over $82,000.00 that is allegedly owed by Ms. Daniels on the Mortgage ("Debt").

34.     Under information and belief, Defendant cannot provide support for the alleged Debt because it is improperly applied to Ms. Daniels' Mortgage.

35.     At all times material hereto, Defendant had actual knowledge that the terms of the Modification Enforcement Order and the Order does not provide for the alleged Debt to be added to the principal balance of the Mortgage.

## *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

36.     Ms. Daniels re-alleges Paragraphs 1-35 and incorporates the same herein by reference.

37.     Ms. Daniels is a "consumer" within the meaning of the FDCPA.

38.     The alleged mortgage debt is a "consumer debt" within the meaning of the FDCPA.

39.     Defendant is a "debt collector" within the meaning of the FDCPA.

40.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a.   Defendant violated 15 U.S.C. § 1692d by improperly servicing Ms. Daniels' Mortgage despite Ms. Daniels' multiple attempts to demand a line-by-line accounting of the Debt, the natural consequence of which is to harass, oppress, or abuse Ms. Daniels in connections with collection of the Debt.

    b.   Defendant violated 15 U.S.C. § 1692e (2)(A) by falsely representing the amount the Debt by increasing the Mortgage balance by $82,000.00 without cause, falsely representing the legal status of the Debt as owed by Ms. Daniels when the terms of the Order do not provide for such a significant increase of the Mortgage balance.

    c.   Defendant also violated 15 U.S.C. § 1692e (10) by using false representations in attempts to collect the alleged Debt

when Defendant suddenly demanded payment of the Debt after entry of the Order and refused to provide an accounting of the Debt.

d. Defendant violated 15 U.S.C. § 1692f (1) by using unfair or unconscionable means to collect the Debt when such amount is not authorized by the Order or the Loan Modification Contract.

41.     As a result of the above violations of the FDCPA, Ms. Daniels has been subjected to illegal collection activities for which she has been damaged.

42.     Defendant's actions were either intentional or grossly negligent where Ms. Daniels attempted to notify Defendant of its improper servicing of Ms. Daniels' Mortgage multiple times and Defendant still failed to correct its servicing errors. Defendant failed to follow any reasonable servicing standard that would prevent it from, for example, seeking the Debt in violation of the terms of the Loan Modification Contract and the Order. Instead, Defendant intentionally disregarded Ms. Daniels' attempts to correct the situation, which has caused Ms. Daniels extreme emotional distress. Ms. Daniels, through her counsel, has contacted Defendant regarding the improper servicing of the Mortgage, which Defendant intentionally disregarded.

43.     Defendant's actions have harmed Ms. Daniels by causing her embarrassment.

44.     Defendant's actions have harmed Ms. Daniels by causing her emotional distress.

45.     Defendant's actions have harmed Ms. Daniels by causing her anxiety.

46.     Defendant's actions have harmed Ms. Daniels by causing her aggravation and annoyance.

47.     Defendant's actions have harmed Ms. Daniels by harming her reputation.

48.     It has been necessary for Ms. Daniels to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

49.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment against Defendant as follows:

a.   Awarding statutory damages as provided by 15 U.S.C.  1692k(a)(2)(A) for each Plaintiff;

b.   Awarding actual damages;

c.   Awarding costs and attorneys' fees; and

d.   Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

50.     Ms. Daniels re-alleges Paragraphs 1-35 and incorporates the same herein by reference.

51.     Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a.   Defendant violated Fla. Stat. § 559.72 (7) by willfully failing to properly service Ms. Daniels mortgage when Defendant demanded payment of the Debt when no such Debt can properly be owed pursuant to the Loan Modification Contract and the Order.

      b.   Defendant violated Fla. Stat. § 559.72 (9) by claiming and attempting to enforce the Debt when Defendant knows that the Debt is not legitimate and that Defendant does not have the legal right to pursue the Debt pursuant to the terms of the Loan Modification Contract and the Order.

52.    As a result of the above violations of the FCCPA, Ms. Daniels has been subjected to illegal collection activities and harassment for which she has been damaged.

53.    Defendant's actions were done with malicious intent and with a reckless disregard of Ms. Daniels' rights, where Ms. Daniels attempted to notify Defendant of its improper servicing of Ms. Daniels' Mortgage multiple times and Defendant still failed to correct its servicing errors. Defendant failed to follow any reasonable servicing standard that would prevent it from, for example, seeking the Debt in violation of the terms of the Loan Modification Contract and the Order. Instead, Defendant intentionally disregarded Ms. Daniels' attempts to correct the situation, which has caused Ms. Daniels extreme emotional distress. Ms. Daniels, through her counsel, has contacted Defendant regarding the improper servicing of the Mortgage, which Defendant intentionally disregarded.

54.    Defendant's actions have harmed Ms. Daniels by causing her embarrassment.

55.    Defendant's actions have harmed Ms. Daniels by causing her emotional distress.

56.    Defendant's actions have harmed Ms. Daniels by causing her anxiety.

57.    Defendant's actions have harmed Ms. Daniels by causing her aggravation and annoyance.

58.    Defendant's actions have harmed Ms. Daniels by harming her reputation.

59.     It has been necessary for Ms. Daniels to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

60.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment against Defendant as follows:

a.   Awarding statutory damages as provided by Fla. Stat. §559.77;

b.   Awarding actual damages;

c.   Awarding punitive damages;

d.   Awarding costs and attorneys' fees;

e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

f.   Any other and further relief as this Court deems equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, **CONSTANCE DANIELS**, demands a trial by jury on all issues so triable.

Respectfully submitted this **August 27, 2018**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
*Attorneys and Trial Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **27** day of **August, 2018**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132