# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CONSTANCE DANIELS,

    Plaintiff,

v.                                         Case No: 8:18-cv-1652-T-30CPT

SELECT PORTFOLIO SERVICES, INC.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 24) and Plaintiff's Response in Opposition (Dkt. 27). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Defendant's motion should be granted. Specifically, Plaintiff's second amended complaint will be dismissed with prejudice because any further amendment is futile.

## BACKGROUND

As the Court explained in its prior Order granting Defendant's motion to dismiss, (*see* Dkt. 22), Plaintiff Constance Daniels initially filed suit in Florida state court against Defendant Select Portfolio Servicing, Inc. ("SPS") alleging three Florida claims, which included a claim under Florida's civil Racketeer Influenced and Corrupt Organizations ("RICO") Act. On July 10, 2018, SPS removed the case to this Court based on diversity jurisdiction. On August 6, 2018, SPS moved to dismiss the entire complaint. In relevant part, SPS argued that the complaint failed to allege any of the elements of a RICO claim. On August 27, 2018, Daniels filed an amended complaint, which mooted SPS's motion to dismiss.

Daniels' amended complaint alleged two claims: a claim under the Fair Debt Collection Practices Act ("FDCPA") and a claim under the Florida Consumer Collections Practices Act ("FCCPA"). Both claims relied on the same allegations. To summarize, Daniels alleged that SPS had "improperly servic[ed]" her mortgage loan "in reckless disregard" of her consumer rights. (Dkt. 12). The amended complaint did not attach any mortgage statements.

SPS moved to dismiss Daniels' amended complaint based on her failure to allege that SPS ever attempted to collect the mortgage balance. The Court granted SPS's motion. The Court noted that the amended complaint did not identify or attach any communication from SPS to Daniels. The Court also surmised that the dispute was more akin to a dispute about an improper accounting of Daniels' mortgage. The Court dismissed the FDCPA and FCCPA claims and provided Daniels a final opportunity to amend her complaint.

Daniels filed a second amended complaint. The allegations are largely unchanged. But, significantly, Daniels attaches multiple monthly mortgage statements that SPS sent to her. She now claims that these mortgage statements constitute debt collection activity under the FDCPA and FCCPA.

SPS's motion to dismiss argues that the monthly mortgage statements comply with Regulation Z of the Truth in Lending Act (the "TILA")—they were not communications in connection with the collection of a debt—and therefore do not constitute debt collection activity under the FDCPA and FCCPA. As explained further below, the Court agrees with SPS's position based on the Court's detailed review of the monthly mortgage statements. Therefore, the second amended complaint will be dismissed with prejudice.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint when it fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). It must also construe those factual allegations in the light most favorable to the plaintiff. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (internal citation omitted).

To withstand a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pleadings that offer only "labels and conclusions," or a "formulaic recitation of the elements of a cause of action," will not do. *Twombly,* 550 U.S. at 555.

## DISCUSSION

The FDCPA and FCCPA prohibit debt collectors from using a "false, deceptive, or misleading representation or means *in connection with the collection of any debt.*" *See e.g.* 15 U.S.C. § 1692e (emphasis added); Fla. Stat. § 559.72 ("*In collecting debts*, no person shall . . .") (emphasis added). It is axiomatic then that the "challenged conduct is related to debt collection" to state a claim under either statute. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012); *see also Garrison v. Caliber Home Loans, Inc.*, 233 F. Supp. 3d 1282, 1286 (M.D. Fla. 2017) ("the FCCPA is a Florida state

analogue to the federal FDCPA.") (internal citations omitted).

"[T]he Eleventh Circuit has not established a bright-line rule" as to what qualifies as "in connection with the collection of any debt." *Dyer v. Select Portfolio Servicing, Inc.*, 108 F. Supp. 3d 1278, 1280 (M.D. Fla. 2015). "As a general principle, the absence of a demand for payment is not dispositive," and courts should "instead consider whether the overall communication was intended to induce the debtor to settle the debt." *Wood v. Citibank, N.A.*, No. 8:14-cv-2819-T-27EAJ, 2015 WL 3561494, at *3 (M.D. Fla. June 5, 2015) (citations omitted).

The second amended complaint attaches multiple monthly mortgage statements.[1] Because the communications at issue here are all monthly mortgage statements, a discussion of the TILA is necessary. The TILA requires SPS, a servicer, to send monthly mortgage statements. 12 C.F.R. § 1026.41. Specifically, 12 C.F.R. § 1026.41(d) requires that servicers provide debtors with detailed monthly mortgage statements containing, among other things: the "amounts due;" the "payment due date;" "the amount of any late payment fee, and the date that fee will be imposed if payment has not been received;" "an explanation of amount due, including a breakdown showing how much, if any, will be applied to principal, interest, and escrow and, if a mortgage loan has multiple payment options, a breakdown of each of the payment options;" "any payment amount past due;" a breakdown of "the total of all payments received since the last statement" and "since the beginning of the current calendar year;" "a list of all transaction activity that occurred since the last

---

[1] Some of these statements are barred by the relevant statute of limitations. Nonetheless, the Court will reach the merits of the claims because it is clear on the face of the mortgage statements that they are not communications in connection with the collection of a debt.

statement;" "partial payment information;" "contact information;" and detailed "account information" and "delinquency information."

The Consumer Financial Protection Bureau (the "CFPB") has issued a bulletin providing that a "servicer acting as a debt collector would not be liable under the FDCPA for complying with [monthly mortgage statement] requirements." Implementation Guidance for Certain Mortgage Servicing Rules, 10152013 CFPBGUIDANCE, 2013 WL 9001249 (C.F.P.B. Oct. 15, 2013). Courts have largely followed this guidance. *See, e.g., Jones v. Select Portfolio Servicing, Inc.*, No. 18-cv-20389, 2018 WL 2316636, at *3 (S.D. Fla. May 2, 2018) (citing 12 C.F.R. § 1026.41(d)); *Brown v. Select Portfolio Servicing, Inc.*, No. 16-62999-CIV, 2017 WL 1157253 (S.D. Fla. Mar. 24, 2017) (noting the guidance and finding that monthly mortgage statements in compliance with the TILA were not debt collection).

The monthly mortgage statements at issue here were in conformity with the TILA requirements. Moreover, the subject statements were substantially similar to model form H-30(B) provided by Appendix X to Part 1026 of TILA Regulation Z. *See also Jones*, 2018 WL 2316636, at *4 (noting the similarities between a monthly mortgage statement and the model form in concluding no debt collection). Although the monthly mortgage statements may not be identical to model form H-30(B), the differences are not significant deviations.

Notably, the plaintiff in *Brown* brought a nearly identical lawsuit against SPS. The court explained in detail why the plaintiff was unable to state a claim under the FDCPA and FCCPA because the monthly mortgage statement was required to be sent pursuant to the TILA. The complaint in *Brown* was dismissed with prejudice because "amendment would

be futile" given that the basis for the claims was a monthly mortgage statement that was not actionable as a matter of law. *See* 2017 WL 1157253, at *2-*4.

Also, the *Jones* court discussed in detail the numerous prior decisions addressing this issue, including multiple cases from this district that have held that monthly mortgage statements "are almost categorically not debt collection communications under the FDCPA." 2018 WL 2316636, at *5 (citing cases). The particular monthly mortgage statements before the court in *Jones* were also sent by SPS and were substantively identical to the statements at issue in this case and in *Brown*.

Most recently, in *Mills v. Select Portfolio Servicing, Inc.*, No. 18-cv-61012-BLOOM/Valle, 2018 WL 5113001 (S.D. Fla. Oct. 19, 2018), the court "agree[d] with the reasoning in *Jones* and [concluded] that the Mortgage Statements at issue [were] not communications in connection with a collection of a debt." *Id.* at *2.

In conclusion, the substance of the monthly mortgage statements at issue in this case is substantially similar to model form H-30(B). Any minor discrepancies in the language—when taken in the context of the document as an otherwise carbon copy of form H-30(B)—do not take the statements out of the realm of a monthly mortgage statement and into the realm of debt collection communications.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 24) is granted.

2. Plaintiff's Second Amended Complaint is dismissed with prejudice.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on December 18, 2018.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record